**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARIA SANDOVAL, and MARIA SANDOVAL *as parent and guardian of minor son*, Z.Y.,

      Plaintiffs,

vs.

SMILEY FACE PLLC,

      Defendant.

Case No.:

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiffs, MARIA SANDOVAL and MARIA SANDOVAL *as parent and guardian of minor son*, Z.Y., by and through their undersigned counsel, brings this lawsuit seeking declaratory relief, and monetary damages against Defendant, SMILEY FACE PLLC ("Smiley Face"), for violations of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Section 1557 of the Patient Protection and Affordable Care Act ("ACA"). Defendant refused to treat Z.Y. because he has autism. Defendant intentionally denied the minor full and equal care of Defendant's services, facilities, and privileges. Defendant failed to make reasonable modifications in policies, practices or procedures, and failed to take such steps as are necessary to ensure Z.Y. was not excluded, denied services, or otherwise treated differently because of his disability.

**JURISDICTION AND VENUE**

1

1. This Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1331, 1343, for the Plaintiffs' claims arising under Title III, Section 504, and Affordable Care Act.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because (1) the Defendant is located in this district, and (2) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district.

## PARTIES

### PLAINTIFFS

3. Plaintiff, Z.Y., is and was, at all times material hereto, a resident of Seminole County, Florida. Z.Y. is the minor son of Mrs. Sandoval, and was diagnosed with autism at the age of four (4).

4. Plaintiff, MARIA SANDOVAL ("Mrs. Sandoval"), is and was, at all times material hereto, a resident of Seminole County, Florida. Mrs. Sandoval is not disabled, but provides care for her minor son, Z.Y., who has autism. As such, she is a qualified companion of a person with a disability.

### DEFENDANT

5. Defendant, SMILEY FACE PLLC ("Smiley Face") is located at 837 Good Homes Road, Orlando, Florida 32818. Smiley Face is a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) (F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

6. Smiley Face accepts Medicaid, and is, therefore, a recipient of federal financial assistance, subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

7. Smiley Face is principally engaged in the business of providing health care, and is covered by Section 1557 of The Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116.

**FACTUAL ALLEGATIONS**

8. Z.Y. is a ten (10) year old boy who was diagnosed with autism at the age of four (4).

9. Z.Y. is bilingual in English and Spanish, enjoys playing baseball, and loves to swim.

10. Z.Y. has been going to the dentist since he was a small child without issue.

11. Z.Y. receives most of his dental care from Greenburg Dental Clinic ("Greenburg") located in Winter Park, Florida. Z.Y.'s dental history includes dental exams, x-rays, cleanings, and teeth extractions, all without issue.

12. In October 2018, Z.Y. was given a certificate for free orthodontic treatment for braces redeemable at Smiley Face in Orlando, Florida. The certificate was given to him by an oral surgeon in Orlando, Florida.

13. Z.Y. was so excited about his certificate, he asked that a picture of himself holding the certificate be posted on Facebook.

14. On approximately November 1, 2018, Mrs. Sandoval took Z.Y. to Smiley Face for a scheduled appointment to begin the process to get braces.

15. Upon arrival, Mrs. Sandoval was asked to complete forms, and on those forms she documented that Z.Y. was autistic. Mrs. Sandoval and her son were placed in a room at Smiley Face to consult with Dr. Ben Burris ("Dr. Burris").

3

16. Dr. Burris informed Mrs. Sandoval that Z.Y. needed to have his teeth cleaned prior to being fitted for braces. Mrs. Sandoval told Dr. Burris that Z.Y. had a cleaning within the last six (6) months, but Smiley Face persisted that Z.Y. have another cleaning prior to receiving the braces.

17. On November 5, 2018, Mrs. Sandoval took Z.Y. to Greenburg to have his teeth cleaned again. The staff at Greenburg advised Mrs. Sandoval her son was not due for a cleaning, and if she wanted to proceed with a cleaning, she would have to pay out of pocket. Mrs. Sandoval paid for the second cleaning because Z.Y. needed braces.

18. Shortly after Z.Y.'s cleaning, Mrs. Sandoval called Dr. Burris's office to schedule a new appointment for Z.Y. A staff member informed her Dr. Burris would not treat Z.Y. because Z.Y. has autism and gets nervous. Mrs. Sandoval asked to speak with another staff member who confirmed Dr. Burris had decided not to treat Z.Y., and further stated that this place was "not good" for Z.Y. based on Z.Y.'s nervousness and autism.

19. Mrs. Sandoval was very upset, and confused about why Z.Y. was being denied treatment based on his autism, considering his long dental treatment history. Mrs. Sandoval was also upset because Z.Y. was provided a certificate for free braces, and could not use it.

20. Z.Y. was upset that he could not use his certificate and get his braces. When Mrs. Sandoval inquired about still being able to use the certificate, she was told she could give the certificate away, because her son would not be able to use it.

21. Mrs. Sandoval asked for a referral to another dentist where the free certificate could be used, but the referral was denied.

22. Although not required by statute, Plaintiffs attempted to rectify this matter prior to filing this Complaint in Federal Court by asking the staff member at Dr. Burris for a referral to another dentist office, and by elevating the complaint.

23. Z.Y. is still in need of braces, and will require further dental care, and will need to return to Smiley Face. He has a long history of receiving dental care.

24. The Plaintiffs experienced humiliation, dejection, embarrassment, and frustration as a direct result of Defendant's denial to provide dental care to Z.Y. because of his autism.

25. Defendant's actions have caused the Plaintiffs distinct, palpable, and perceptible injury. Those injuries include, but are not limited to those described herein.

## COUNT I

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiffs repeat and re-allege allegations ¶¶ 1-25 in support of their claims.

27. This Count I seeking declaratory and injunctive relief is brought pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182, and its implementing regulations.

28. Smiley Face is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F), and is subject to the mandates of Title III of the ADA and its implementing regulations.

29. Z.Y. has autism, and his disabilities substantially limit major life activities as defined by Title III of the ADA. Z.Y. meets the essential eligibility requirements for

Defendant's services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12181, *et seq*. and its implementing regulations.

30. It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. 42 U.S.C. § 12182 (E).

31. Mrs. Sandoval is a qualified companion and is afforded protection under the ADA. Mrs. Sandoval was denied the ability to use the free certificate to cover the costs of the braces for her son. This exclusion was based on the fact that she was the mother of an autistic child.

32. Title III of the Americans with Disability Act prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182 (a).

33. Defendant denied Plaintiffs the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq*.

34. Defendant intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiffs with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the

6

prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

35. As a result of the Defendant's actions described above, Plaintiffs suffered irreparable loss and injury including, but not limited to, embarrassment, emotional distress, and a deprivation of their rights to non-discrimination on the basis of Z.Y.'s disability, and from being a qualified companion to an individual with disabilities.

36. Z.Y. is in need of braces, and shall continue to need dental care in the future, and shall return to the Defendant for dental services.

**WHEREFORE**, Plaintiffs respectfully request the relief listed below:

## COUNT II

### VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

37. Plaintiffs repeat and re-allege allegations ¶¶ 1-25 in support of their claims.

38. Z.Y. has autism and is considered an individual with a disability under Section 504 of the Rehabilitation Act.

39. Count II is brought against the Defendant as a claim for discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

40. Defendant is a recipient of federal financial assistance including, but not limited to, acceptance of Medicaid funds, and is therefore, subject to the requirements of Section 504. 29 U.S.C. § 794.

41. Defendant has intentionally discriminated against Plaintiffs on the basis of Z.Y.'s disability in violation of 29 U.S.C. §794 and its implementing regulations. Such discrimination includes, but is not limited to, failure to treat, and provide services to an autistic child, and exclusion to services based on disability. 45 C.F.R § 84.52.

42. Defendant's actions were intentional, and with reckless disregard for the rights of the Plaintiffs. Plaintiffs provided Defendant the opportunity to rectify the discrimination, but Defendant refused to accommodate Z.Y., and denied his mother the service and privilege of use of the certificate for free braces based on her association with a person with a disability.

43. Z.Y. is in need of dental care, and will continue to need dental care in the future, and will return to the Defendant for dental services.

44. As a result of Defendant's actions described above, Plaintiffs have suffered embarrassment, emotional distress, a deprivation of their rights to non-discrimination on the basis of Z.Y.'s disability, and from being a qualified companion to an individual with disabilities. In engaging in this unlawful conduct described above, Defendant, Smiley Face, acted intentionally and maliciously to damage the rights and dignity of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request the relief listed below:

## COUNT III

## SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

45. Plaintiffs incorporate and re-allege paragraphs ¶¶ 1-25 as it fully set forth herein.

46. Z.Y. has autism, and his disabilities substantially limit major life activities. Accordingly, he is an individual with a disability as defined under 29 U.S.C. § 705(20) and 42 U.S.C. § 12102. *See* 42 U.S.C. § 18116; 45 C.F.R. § 92.4.

47. Defendant is a "healthcare program or activity," receiving federal financial assistance, including Medicaid reimbursements, and a covered entity under 42 U.S.C. § 18116.

48. Section 1557 of the Patient Protection and Affordable Care Act states "an individual shall not, on the ground prohibited under . . . section 794 of Title 29 [The Rehabilitation Act of 1973, 29 U.SC. § 794], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance[.]". 42 U.S.C. § 18116(a).

49. For the reasons set forth in Count II, Defendant has intentionally discriminated against the Plaintiffs solely on the basis of Z.Y.'s disability, in violation of Section 1557 the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.

50. As a result of Defendant's actions described above, Plaintiffs have suffered embarrassment, emotional distress, a deprivation of their rights to non-discrimination on the basis of Z.Y.'s disability, and from being a qualified companion to an individual with disabilities. In engaging in this unlawful conduct described above, Defendant, Smiley Face, acted intentionally and maliciously to damage the rights and dignity of the Plaintiffs.

**Relief Requested**

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A. The Court assume jurisdiction;

B. Issue a declaratory judgment that Defendant's policies, procedures, and practices have subjected Plaintiffs to discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Affordable Care Act;

C. Enjoin Defendant from any policy, procedure, or practice that will deny Z.Y., equal access to and an equal opportunity to participate in and benefit from Defendant's services;

D. Order Defendant to train its employees about Z.Y.'s rights, and the rights of individuals who are autistic;

E. Award compensatory damages to Plaintiffs;

F. Award reasonable attorney's fees, expenses and costs of suit; and

G. Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues which can be heard by a jury.

DATE: January 27, 2020.

Respectfully submitted,

*/s/Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan

10

                                        Deaf /Disability Rights
                                        76 South Laura Street, Suite 1100
                                        Jacksonville, FL 32202
                                        (904) 361-0078 (Voice)
                                        (904) 245-1121 (Videophone )
                                        (904) 361-4305 (Facsimile)
                                        scaserta@forthepeople.com
                                        *Counsel for Plaintiffs*